# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIM THUL OUK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-1062-M |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE EXECUTIVE FOR IMMIGRATION | ) |
| AND NATURALIZATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal rights. Plaintiff is a citizen of Cambodia and seeks an order of deportation to Cambodia. Plaintiff states that he is currently serving a sentence on a Minnesota state conviction and is incarcerated at the Oklahoma State Reformatory in Granite, Oklahoma, serving this sentence.[1]

The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, it is recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

---

[1] The Complaint provides no explanation as to why Plaintiff is incarcerated at a facility of the Oklahoma Department of Corrections.

**I.     Plaintiff's Claims**

In Count I of the Complaint, Plaintiff alleges he has been denied due process and equal protection of the laws in violation of the United States Constitution. In Count II, Plaintiff alleges his rights under the Geneva Convention are being violated. And in Count III, Plaintiff alleges a violation of his rights under the "United Nation for Human Rights Act." As relief, Plaintiff requests the issuance of an order of deportation and that he be turned over to Cambodian officials to serve the remainder of his state sentence.

**II.    Standard for Dismissal of a *Pro Se* Complaint**

In determining whether dismissal of a complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff. Dismissal is proper if, taking those facts as true, the plaintiff fails to present a plausible right to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-1248 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965). The plaintiff must do more than allege facts that conceivably might state a claim for relief. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (*citing Twombly*, 127 S.Ct. at 1974). Instead, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [the claims raised]." *Id*. Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

**III.    Analysis**

    **A.    Dismissal of § 1983 Claims for Failure to Allege State Action**

To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating state action. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). *See also Scott v. Hern,* 216 F.3d 897, 906 (10th Cir. 2000) (recognizing that state action is a prerequisite to bringing a § 1983 claim); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("[T]he only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it.") (internal quotations and citation omitted).

The federal government and its employees are not subject to suit under § 1983. *See Allred v. McCaughey*, 257 Fed. Appx. 91, 92 (10th Cir. Dec. 3, 2007) (unpublished op.) ("Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law. It does not apply, however, to a person acting under color of federal law.") (*citing Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 398 n. 1 (Harlan, J., concurring)). Plaintiff names a single defendant in this action, the "United States Department of Justice Executive for Immigration and Naturalization." Plaintiff has brought suit only against a purported federal employee.

Because Plaintiff does not name any state actor as a defendant, he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.[2]

### B. Dismissal of Treaty Claims

Plaintiff also seeks to invoke this Court's jurisdiction claiming a violation of his rights pursuant to certain international treaties. However, Plaintiff's allegations are too conclusory to provide meaningful review. *See, e.g.,* Complaint at 3, Count II ("I am a Cambodian citizen who has been detain[ed] by defendants in United States in violation of Geneva Convention."); *see also* Complaint at 4, Count III ("I am a Cambodian citizen who has been detain[ed] by defendants in United States in violation of United Nation Human Rights Article."). Although Plaintiff is proceeding *pro se*, the Court may not act as advocate for Plaintiff to raise claims not otherwise identified by Plaintiff. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]t is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."). Without more specific factual allegations, Plaintiff has not framed a complaint sufficient to demonstrate a plausible right to relief.

### C. Mandamus Relief

According to Plaintiff's allegations, he claims a denial of his alleged right to commencement of deportation proceedings and as relief, seeks an order of deportation.

---

[2] Although a claim against a federal official in his individual capacity may be cognizable as a *Bivens* claim, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a *Bivens* claim does not lie where, as here, a plaintiff seeks injunctive relief as opposed to damages. *See Ricco v. Conner*, 146 Fed. Appx. 249, 253 (10th Cir. Aug. 8, 2005) (unpublished op.) ("As another panel of this court recently recognized, while *Bivens* provides a remedy against individual federal officials who act in an unconstitutional manner, *Bivens* is best understood as providing only a cause of action for damages.") (*citing Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1230-32 (10th Cir.2005)).

Plaintiff's allegations could, therefore, be construed as a request for mandamus relief pursuant to 28 U.S.C. § 1361.

A federal district court has jurisdiction of a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Section 1361 is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendants owe him a clear nondiscretionary duty. *Hecker v. Ringer*, 466 U.S. 602, 616-17 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citations omitted).

The United States Court of Appeals for the Tenth Circuit has held that to grant mandamus relief, the court must find (1) that the plaintiff has a clear right to the relief sought, (2) that the defendants have a plainly defined and peremptory duty to do the action in question, and (3) that no other adequate remedy is available. *See, e.g., In re McCarthey*, 368 F.3d 1266, 1268 (10th Cir. 2004). Here, Plaintiff's Complaint is void of any factual allegations or legal bases demonstrating any of the three prerequisites to mandamus relief. And, significantly, as the Second Circuit Court of Appeals has held: "[t]he law is clear that while [a prisoner] is still serving his state sentence, the Attorney General is under no obligation to execute a deportation order." *Duamutef v. I.N.S.*, 386 F.3d 172, 179 (2d Cir. 2004) (*citing* 8 U.S.C. §§ 1231(a)(1)(B)(iii) and 1231(a)(4)(A)). Because Plaintiff is still serving the sentence on the Minnesota state conviction, he has no right to request commencement of deportation or removal proceedings. *See also Rodney v. I.N.S.*, 462 F. Supp. 2d 285, 288 (D. Conn. 2006) (a petitioner "has no clear right to deportation prior to

the expiration of his term of incarceration, and the INS has no obligation to remove him prior to his release from state custody"). *See also Guerra v. United States Department of Homeland Sec.*, No. 06-2344 (AET), 2006 WL 3486017 at * 3 (D. N.J. Nov. 30, 2006) (unpublished op.) ("[A] prisoner cannot compel the BICE, by way of habeas or mandamus petition or the Administrative Procedure Act, to initiate removal proceedings while the alien is serving his prison term."). Accordingly, to the extent the Complaint seeks mandamus relief in the form of an order compelling commencement of deportation or removal proceedings, Plaintiff has failed to state a claim upon which relief may be granted.[3]

**D.     Habeas Relief**

Finally, to the extent Plaintiff challenges his continued confinement pursuant to the Minnesota state court conviction, Plaintiff must bring a habeas corpus action challenging that continued confinement, after exhausting state court remedies. If Plaintiff is attacking the legality of the conviction itself, he must proceed with an action pursuant to 28 U.S.C. § 2254. If Plaintiff is attacking the manner in which the sentence is being executed and, in particular, "where his sentence will be served," he must proceed in an action brought pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Here, Plaintiff has not referenced the habeas statutes in his complaint or named as respondent his custodian.

---

[3] Plaintiff does not raise a claim of indefinite detention pending his removal to Cambodia pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). As the Court liberally construes Plaintiff's claims, his complaint is that no removal proceedings have yet to be commenced against him.

Accordingly, the Court declines to construe the complaint to include a claim for federal habeas relief.[4]

## RECOMMENDATION

It is recommended that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which § 1983 relief may be granted. It is further recommended that any request for mandamus relief pursuant to 28 U.S.C. § 1361 be dismissed for failure to state a claim upon which relief may be granted. The dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by October 26th, 2009. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[4] Although habeas relief may also be available to challenge custodial detention by the Bureau of Immigration and Customs Enforcement (BICE), as discussed, the Complaint does not allege facts indicating Plaintiff is currently in the custody of BICE.

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  5th  day of October, 2009.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE